# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. PAGE and JOHN BROOK,<br><br>                              Plaintiff,<br>    vs.<br><br>SÜSS MICROTEC A.G., et al.,<br><br>                              Defendants. | CASE NO. 11cv0955-LAB (NLS)<br><br>**ORDER DENYING MOTION TO SET ASIDE DISMISSAL** |

Plaintiffs filed their complaint in this case on May 3, 2011. The Court, seeing that they had not adequately alleged facts to establish diversity jurisdiction, on May 4 ordered them to show cause why the action should not be dismissed. That order pointed out several jurisdictional defects. It also allowed Plaintiffs, if they thought they could amend their complaint to successfully allege jurisdiction, to do so, but still required them to respond to the order to show cause.

Plaintiff Page filed a response, but Brook filed nothing. On May 26, after the time had passed for Brook to file his response, the Court issued an order pointing out several jurisdictional defects that remained, and dismissing the action without prejudice for lack of jurisdiction.

Page (but not Brook) then filed a motion seeking to set aside the order of dismissal. This is brought under Fed. R. Civ. P. 60(b), but is essentially a motion for reconsideration.

1  Page's motion argues that the Court erred in concluding diversity was lacking, in part
2  because of allegations that were missing from the complaint but which he is now prepared
3  to make, and in part because he thinks the Court overlooked relevant Supreme Court
4  precedent.

5  Motions for reconsideration are disfavored and appropriate only if the Court is
6  presented with newly discovered evidence or a change in controlling law, or has committed
7  clear error. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004). None of the factors are
8  present here.

9  The Court's order of May 26 makes clear its dismissal was based primarily on the fact
10 that Plaintiffs attempted to establish diversity by showing that a U.S. citizen and an alien
11 from one country were suing an alien from a different country. Under *Nike, Inc. v. Comercial*
12 *Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987,991 (9th Cir. 1994) this is insufficient to
13 establish diversity jurisdiction. *Nike* remains good law in this Circuit, and requires dismissal.
14 *See Alperin v. Franciscan Order*, 2011 WL 917375, slip op. at *2 (9th Cir. March 17, 2011)
15 ("Plaintiffs do not dispute that the district court correctly determined that their complaint did
16 not establish diversity jurisdiction under § 1332(a) because of the presence of foreign
17 plaintiffs and a foreign defendant.") (citing *Nike*).

18 Page's motion does not address this point. Page's motion instead addresses
19 secondary pleading defects the Court identified, arguing Page is a California citizen and
20 Süss MicroTec A.G. is a German citizen only. Even accepting that Page can amend the
21 complaint to include the allegations he has identified, and that the absent Brook will agree
22 to the amendment, diversity is still not satisfied.

23 Page's motion to set aside the dismissal is therefore **DENIED**.
24 **IT IS SO ORDERED**.
25 DATED: June 10, 2011

26
27 *[signature: Larry A. Burns]*
   **HONORABLE LARRY ALAN BURNS**
   United States District Judge
28